## DAVID TAYLOR, RESPONDENT, v. UMATILLA COUNTY, APPELLANT.

CONSTRUCTION OF STATUTES.—In construing a statute, effect should be given to all the words of the statute.

IDEM—WORDS OF LIMITATION.—Where words of limitation are used in a statute, such words when unequivocal and clearly expressed will prevail to limit the words to which such words of limitation refer.

ASSESSORS—MILEAGE.—County assessors are not entitled to mileage.

APPEAL from Umatilla County.

The facts are stated in the opinion.

*Lucian Evarts*, for appellant.

*Arthur Crisfield*, for respondent.

By the Court, BOISE, J.:

From the complaint in this case, it appears that David Taylor was duly elected and qualified as assessor of the

county of Umatilla for the years 1875 and 1876, and that he performed the duties of that office during that time.

In his complaint he alleges that in the execution of his duties as such officer for the years 1875 and 1876, he was obliged to, and did travel two thousand three hundred and ninety-eight miles in each of said years, in going to and returning from the several places where said services as assessor of said county were performed, making the whole distance so traveled four thousand seven hundred and ninety-six miles, for which travel he claims mileage, and bases his claim on section 14, p. 605, of the general laws of Oregon. The complaint further states that he has presented this claim for mileage to the county court of Umatilla county for allowance, and that said county court refused to allow the same to him or any part thereof. The defendant (the county) demurred to this complaint, and the court below overruled the demurrer, and gave judgment for the plaintiff for the sum of four hundred and ninety dollars and sixty cents. From this judgment appellant appeals to this court. The decision in this case must depend on the construction of section 14, p. 605, general laws of Oregon, which section is as follows: "Every officer, or person, whose fees are prescribed in this chapter, who shall be required to travel in order to execute or perform any public duty, in addition to the fees hereinbefore prescribed, shall be entitled to mileage, at the rate of ten cents per mile in going to and returning from the place where the service is performed."

Section 24 of this same chapter fixes the fees of assessor at three dollars per day, except in counties east of the Cascade mountains, Multnomah, Josephine and Jackson counties, where assessors receive four dollars per day.

It will be observed in examining this chapter that sections 4, 5, 7, 8, 9 and 13, provide for the fees of those persons who are generally required to travel in performing public duties. Sheriffs, constables and coroners may be required to travel long distances and beyond the borders of their counties, so witnesses may be called from any part of the state, and will not be allowed per diem until they are in attendance on the court, and even jurors may be compelled

to leave home before the days of court commence in order to be present when required. The sections following section 14 generally provide for fees in cases where travel is not required, except in cases specially provided, unless it be section 24, which provides for assessors and county commissioners, and these are the only persons named and wholly provided for in the sections following section 14, in whose favor the provisions of this section have been invoked. An assessor being an inhabitant of the county and living in the midst of his work will not have to travel to begin his duties; he may commence at the county seat or in his own neighborhood, if he goes from house to house to ascertain who are to be taxed, and the amount of each person's property, the time he spends in travel is not devoted to making the list of taxpayers and their property; he is paid for this as a part of his day's work.

To go from one part of the county to another is a part of the business of assessing the county, and the time occupied in such travel is much easier computed by the day than by the mile. If the assessor is allowed to charge mileage every time he crosses the street of a city or goes from one neighbor to another, it will be necessary for him to make out a bill for such travel, and to name their distances, with time and place, in order that the county court can determine as to the accuracy and justice of such charge, and such a bill would, in thickly settled counties, swell to a magnitude in items far beyond the number of miles traveled. If the laws were such that an assessor being at Salem was directed to assess the city of Portland and be allowed three dollars per day for that work, he might properly be allowed mileage from Salem to Portland, and then be allowed per diem while engaged in the work; but it hardly could be considered that the legislature intended to allow mileage for going from one store to another, or from one house to another in the city, unless such intention should be clearly manifest from the language of the law, and I think it extremely doubtful whether assessors come within the words of the fourteenth section: "They shall be required to travel in order to execute or perform any public duty," and I think

the better construction is to conclude that the "travel necessary to be performed" by him in assessing the county is a part of the public duty which he is to perform in executing the duties of his office.

In construing this statute it is incumbent on the court to give effect to all the words if possible. The words, "every officer or person whose fees are prescribed in this chapter who shall be compelled to travel in order to execute,or perform any public duty" would without qualification embrace every officer named in the chapter whose fees are prescribed in it. If the word "hereinbefore" had been used in this clause, then the provision would have been manifestly confined to those officers whose fees are prescribed in the preceding sections; that is, suppose the section reads as follows: "Every officer whose fees are hereinbefore prescribed in this chapter who shall be required to travel, etc., in addition to the fees prescribed, shall be entitled," etc., then the provision would be confined to those whose fees are prescribed in the sections preceding; but suppose instead of transposing the word "hereinbefore" to the first clause of the section, it remain where it is, and there be added after the words hereinbefore prescribed the words "to such officer," then significance and effect can be given to the word hereinbefore, and the grant of mileage be confined to those whose fees are prescribed in the prescribing sections. If the grant be extended to all officers whose fees are prescribed in the whole chapter, then the word "hereinbefore" must be rejected, which would be in violation of the rules of construction of statutes. (Broome's Legal Maxims, 664; Smith on Constr. of Stats. 650; 1 Cal. 164; 3 Id. 473.) The word "hereinbefore" either confines the grant of mileage to those officers whose fees are prescribed in the prescribing sections, or it has no meaning and is in the statute by mistake. And as the statute can be so constructed as to give effect to this word, such should be the construction adopted. The word "hereinbefore" is a word of limitation, and such words when of unequivocal meaning and clearly expressed, will prevail to limit what goes before, to which such words refer. (Smith on Constr. 712.)

The judgment of the court below will be reversed.